1 | MARY C. DOLLARHIDE (Bar No. 138441)
mary.dollarhide@dlapiper.com
2 | **DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
3 | San Diego, CA  92121-2133
Tele:   858.677.1400
4 | Fax:    858.677.1401

5 | BETSEY BOUTELLE (Bar No. 299754)
betsey.boutelle@dlapiper.com
6 | **DLA PIPER LLP (US)**
1000 Louisiana Street, Suite 2800
7 | Houston, TX 77002-5005
Tele:   713.425.8400
8 | Fax:    713.425.8401

9 | Attorneys for Defendant
CUSHFIELD MAINTENANCE WEST CORP.,
10 | erroneously sued as CUSHMAN MAINTENANCE
WEST CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| VERNON NELLIS, | CASE NO. 5:18-cv-3946 |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL BY DEFENDANT CUSHFIELD MAINTENANCE WEST CORPORATION** |
| v. | |
| CUSHMAN MAINTENANCE WEST CORPORATION, | Santa Clara County Superior Court, Case No. 17CV315508 |
| Defendant | Complaint Filed:  September 5, 2017 |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF VERNON NELLIS:

PLEASE TAKE NOTICE that Defendant Cushfield Maintenance West Corporation, erroneously sued as Cushman Maintenance West Corporation ("Defendant" or "the Company"), on behalf of itself and no other defendant, hereby files this Notice of Removal pursuant to 28.U.S.C. §§ 1331 and 1441(a).

## I.   INTRODUCTION

This case is hereby removed from state court to federal court because, at the time the Complaint was filed, and currently, Plaintiff asserts claims arising under the laws of the United States: specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207 (failure to pay overtime compensation); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") (including, but not necessarily limited to, employment-related discrimination on the basis of race); and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA") (employment-related discrimination on the basis of disability).

## II.   THE STATE COURT ACTION

On or about September 5, 2017, Plaintiff Vernon Nellis commenced an action in pro per in the Superior Court of California, County of Santa Clara, in his Complaint entitled *Vernon Nellis, Plaintiff, v. Cushman Maintenance West Corporation, Defendant*, Case No. 17CV315508 ("Complaint").  Defendant is Plaintiff's former employer.

The Complaint alleges fourteen causes of action, including "Failure to Pay Overtime Compensation" in violation of the FLSA, *see* Compl. ¶¶ 59-62, 86-88, and discrimination on the basis of "Age, Race, Sexual [O]rientation, Ethnic [O]rigin, [and] [D]isability" in purported violation of Title VII and/or the ADA.  *See* Compl. ¶¶ 136-42.  Plaintiff's other twelve causes of action allege myriad violations of California law.  Plaintiff's Complaint avers that he intends to seek certification of a collective action in connection with his FLSA claims, and of a class action in connection with several of his claims arising under California wage-hour law.  A true and correct copy of the Complaint is attached to this Notice as **Exhibit A**.

Defense counsel received a copy of the Complaint from Plaintiff via mail on June 4, 2018. Declaration of Mary Dollarhide ("Dollarhide Decl.") ¶ 4.  But this mailing did not include a copy of the summons, and the Complaint was not accompanied by a notice or acknowledgement of receipt of summons, as the California Code of Civil Procedure requires in order to effect service of process by mail.  *Id.*; *see* Cal. Code Civ. Proc. § 415.30, subd. (a), (b).  Therefore, service upon Defendant was not completed under California law.  Cal. Code Civ. Proc. § 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.").  Defendant, however, has now waived the above requirements and is deemed as having been properly served via personal service on June 29, 2018—the day that Defendant made its first general appearance by filing an answer in the state court action.  *See* Cal. Code Civil Proc.§ 410.50 ("A general appearance by a party is equivalent to personal service of summons on such party."). [1]

---

[1] As indicated in the state court docket, it appears that Plaintiff previously attempted to serve Defendant with process on or about January 8, 2018 (approximately four months after initiating this action) by mailing a copy of the Complaint—without the summons—to Michael Hoffman, an attorney representing Defendant in a separate but related state court action also brought by Plaintiff.  Ex. C, pp. 12-13.  This attempt at service was defective under California law for several reasons.  First, proper service of process requires that the *summons* be served, not just the Complaint.  *See generally* Cal. Code Civ. Procedure § 415.30.  Second, Mr. Hoffman does not represent Defendant in this action and was not an agent authorized to accept service of process on behalf of Defendant for a newly-filed matter.  *See* Cal. Code Civ. Proc. § 416.10 (listing persons upon whom process may be served to effect service upon a corporation).  Third, the purported "Proof of Service" is unsigned, so it is unclear whether it was properly served by a qualified individual who is not a party to this action.  Ex. C, p. 13.  Fourth, it appears that Plaintiff was attempting to effect service of process via mail with acknowledgement of receipt of service under California Code of Civil Procedure section 415.30.  However, Plaintiff did not fulfill the requirements for such service under the Code because the acknowledgement of receipt form filed by plaintiff in state court was not signed by the person to whom the documents were mailed, as required in order for such service to be complete under California law.  Cal. Code Civ. Proc § 415.30(c).  *See* Ex. C, pp. 14-15.

Thus, in or around February 2018, the Complaint still had not been properly served.  On February 14, 2018, defense counsel Mary Dollarhide reached out to Plaintiff via email and notified him that she had been authorized to accept service of the summons and Complaint on behalf of Defendant.  Dollarhide Decl. ¶ 2, Ex. A.  Approximately four months later, on June 4, 2018, the Complaint—but not the summons or acknowledgement of receipt of service—was received by Ms. Dollarhide's office via mail.  For the same reasons outlined above, this "service"

### III. JOINDER

Defendants are not aware of any other defendant having been served with a copy of the Complaint. *See generally* 28 U.S.C. § 1446(b)(2)(A). While three purported individual defendants are identified in the body of the Complaint, Plaintiff has filed no proof of service in the state court action indicating that these individuals have been served, and the Company alleges on information and believe that they have not in fact been served. Therefore, their consent is not necessary for removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined *and served* must join in or consent to the removal of the action") (emphasis added); *Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, No. 16-56658, 2018 WL 1979007, at *1 (9th Cir. Apr. 27, 2018), *as amended* (June 12, 2018) (confirming that removing party was not required to obtain consent of a defendant who had not yet been served in order to properly effect removal).

### IV. BASIS FOR JURISDICTION

The district courts of the United States have original jurisdiction over claims "arising under the … laws … of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed by the defendant to the "district court of the United States for the district and division embracing the place where such action is pending."

Here, as described above, Plaintiff alleges that Defendant violated federal law by failing to pay required overtime compensation under the FLSA, 29 U.S.C §§ 206 and 207. Plaintiff also alleges that Defendant discriminated against him in violation of Title VII and the ADA—both federal laws. Consequently, Plaintiff's claims "arise under the … laws … of the United States" and should be adjudicated in federal court. 28 U.S.C. §§ 1331, 1441(a).

### V. COMPLIANCE WITH REQUIREMENTS FOR REMOVAL

Pursuant to 28 U.S. Code § 1446(a), Defendant attaches the Complaint and all documents it received therewith as **Exhibit A**. Defendant attaches its Answer, filed in state court on June 29,

---

was also defective. In addition, it appears the state court may have rejected Defendant's attempted filing of a putative Proof of Service in connection with this mailing. Ex. C, p. 3.

2018, as **Exhibit B**. Attached as **Exhibit C** are true and correct copies of the Superior Court docket and various documents and notices either filed with or issued by the Superior Court in connection with the action (including any process, pleading, or orders that have been served on Defendant).

In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court. Under Section 1446(b), "a notice of removal may be filed within thirty days after" the defendant receives the relevant pleading from which removability may be ascertained. Importantly, the Supreme Court has clarified that the 30-day removal period is not triggered until the defendant is formally served with the complaint in accordance with applicable state law, even if the defendant had a copy of the complaint in its possession prior to that time. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Here, as described above, while service of the summons and Complaint was never actually completed under California law, Defendant is deemed as having been personally served on June 29, 2018, the day it made a general appearance by filing its answer in the state court action. *See Bluemner v. Ergo Media Capital, LLC*, No. CV 15-01392 MMM AJWX, 2015 WL 3533218, at *6 (C.D. Cal. June 4, 2015) (finding that "the thirty day removal clock was triggered … on October 6, 2014, when defendants waived any objection to service of process by making a general appearance"). Accordingly, this Notice is timely.

As required in 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff, and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California in and for the County of Santa Clara.

Dated:  July 2, 2018          DLA PIPER LLP (US)

By   /s/ MARY DOLLARHIDE
   MARY DOLLARHIDE
   BETSEY BOUTELLE

   Attorneys for Defendant
   CUSHFIELD MAINTENANCE WEST
   CORPORATION

-4-